**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

------------------------------------ X

MELISSA B. COAD :
1195 Long Cove Road
Pasadena, Anne Arundel County, MD 21122 :

Plaintiff, :
v.
:
METROPOLITAN LIFE INSURANCE COMPANY :
200 Park Avenue
New York, NY 10166 :

*Serve On*: :

Al Redmer, Jr., Commissioner :
Maryland Insurance Administration
200 St. Paul Place, Suite 2700 :
Baltimore, MD 21202
:
and
:
SECURIAN LIFE INSURANCE COMPANY :
400 North Robert Street
St. Paul, MN 55101 :

*Serve On*: :

Al Redmer, Jr., Commissioner :
Maryland Insurance Administration
200 St. Paul Place, Suite 2700 :
Baltimore, MD 21202
:
and
:
SCHWAB RETIREMENT PLAN SERVICES, INC. :
4150 Kinross Lakes Parkway
Richfield, OH 44286-5050 :

Civil No. ___________

**COMPLAINT FOR DECLARATORY JUDGMENT**

*Serve On*: :

Catherine Golladay :
Executive Vice President
Schwab Retirement Plan Services :
4150 Kinross Lakes Parkway
Richfield, OH 44286-5050 :

and :

ASHLEY CAMPION, *Individually and as* :
*Personal Representative of the Estate of*
*Christopher L. Campion* :
1800 N. Lynn Street, #1903
Arlington, VA 22209 :

and :

AMANDA K. CAMPION :
198 Woods Drive
Annapolis, Anne Arundel County, MD 21403 :

and :

BRIDGETTE CAMPION :
2 "I" Street, S.E., Apt. 904
Washington, D.C. 20003 :

and :

MARY-MARGARET SAVAGE :
2704 Summerview Way, Apt. 102
Annapolis, Anne Arundel County, MD 21401 :

Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT FOR DECLARATORY JUDGMENT**

Melissa B. Coad, by her attorneys, Jeffrey E. Nusinov, Paul D. Raschke and Nusinov Smith, LLP, sues the Defendants, and for her reasons, states:

## OVERVIEW

Christopher L. Campion ("Chris" or the "Decedent") died on October 29, 2019. He was enrolled in both employee benefit and employee pension benefit plans. At his death, Plaintiff, Melissa B. Coad, was the Decedent's domestic partner. This litigation pertains to disputes regarding Plaintiff's entitlement to payment as beneficiary of those plans as intended by the Decedent. The Decedent's daughters and his former wife have made competing claims and have objected to the distribution of benefits to Plaintiff, causing the plan administrators to withhold distribution. Plaintiff seeks a declaratory judgment establishing her legal entitlement to the plan benefits and ending the uncertainty caused by these completing claims.

## PARTIES

1. Melissa B. Coad, Plaintiff, resides at 1195 Long Cove Road, Pasadena, MD 21122. She was the Decedent's domestic partner at the time of his death and she is a beneficiary of the plans that are the subject of the litigation.

2. Metropolitan Life Insurance Company, is a citizen of New York, with its principal place of business at 200 Park Avenue, New York, New York 10166. MetLife issued and administers an employee benefit plan in which the Decedent was enrolled.

3. Securian Life Insurance Company, is a citizen of Minnesota, with its principal place of business at 400 North Robert Street, St. Paul, Minnesota 55101. Securian issued and administers an employee benefit plan in which the Decedent was enrolled.

4. Schwab Retirement Plan Services, Inc., is a citizen of Ohio, with its principal place of business at 4150 Kinross Lakes Parkway, Richfield, OH 44286-5050. Schwab administers an

employee pension plan in which the Decedent was enrolled.

5. Ashley Campion, resides at 1800 N. Lynn Street, #1903, Arlington, VA 22209. She is a surviving daughter of the Decedent and the Personal Representative of his estate. She claims an interest as a beneficiary in the benefit plans at issue in this litigation.

6. Amanda K. Campion, resides at 198 Woods Drive Annapolis, Maryland 21403. She is a surviving daughter of the Decedent. She claims an interest as a beneficiary in the benefit plans at issue in this litigation.

7. Bridgette Campion, resides at 2 "I" Street, S.E., Apt. 904, Washington, D.C. 20003. She is a surviving daughter of the Decedent. She claims an interest as a beneficiary in the benefit plans at issue in this litigation.

8. Mary-Margaret Savage, resides at 2704 Summerview Way, Apt. 102, Annapolis, MD 21401. She is the Decedent's former spouse and she claims an interest as a beneficiary in the benefit plans at issue in this litigation.

**JURISDICTION**

9. This is an action for a declaratory judgment regarding the individual parties' entitlement to benefits under various employee welfare and pension benefit plans, as defined in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et. seq.*, in which the Decedent participated.

10. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. §1132(a)(1)(B) pertaining to a civil action brought by a plan beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify

his rights to future benefits under the terms of the plan."

11. In addition, this action comes within the federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Further, this Court has jurisdiction to render declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

12. Venue is proper here as each of the plans are administered here and the individual defendants necessary to the resolution of these disputes reside or may be found here. 29 U.S.C. §1132(e)(2).

13. Venue additionally lies with this Court because the corporate Defendants conduct business within the Northern Division of the District of Maryland.

14. Venue is also proper here as Plaintiff resides within the Northern Division of the District of Maryland.

**FACTS**

15. Chris was born in 1964 in Milton, Florida. He died on October 29, 2019 at the age of 55.

16. Chris grew up in St. Paul, Minnesota and attended the United States Naval Academy from which he graduated in 1986. Upon graduation, Chris was commissioned a Marine.

17. Chris became a Marine Aviator in 1989 and he served in Operations Desert Shield and Desert Storm.

18. After leaving the Marine Corps, Chris joined United Airlines where, ultimately, he captained Boeing 737s. He also worked as a consultant for the FAA and certain defense contractors.

19. Chris married Mary-Margaret Savage on May 19, 1987. He had three daughters by Ms. Savage who survive him: Amanda (age 29), Ashley (age 24) and Bridgette (age 23).

20. On or about March 19, 2016, Chris separated from Ms. Savage. A judgment of absolute divorce was entered on April 1, 2019 by the Circuit Court for Anne Arundel County, Maryland.

21. On August 27, 2019, Chris and Plaintiff affirmed that they had entered into a domestic partnership.

22. Although they separated shortly before Chris died, Chris and Melissa remained domestic partners. He moved to a separate residence on October 14, 2019.

**THE BENEFIT PLANS**

23. As a consequence of his employment with United Airlines, MetLife provided a Group Variable Life Insurance benefit to the Decedent under Group No. 0097877 and Policy No. ending 7747. The amount of the policy was $790,000.

24. Plaintiff was designated a 31.8% beneficiary under this plan. The Decedent also made the following beneficiary designations: Amanda Campion (22.4%); Ashley Campion (22.4%); Bridgette Campion (22.4%); and Mary-Margaret Campion (1%).

25. The life insurance made available under this policy constitutes an "employee welfare benefit plan" under ERISA, 29 U.S.C. §1002(1).

26. As a consequence of his employment with United Airlines, Securian provided a life insurance benefit to the Decedent. The policy number for this policy ends in 0201.

27. Plaintiff was designated a 100% beneficiary under this policy.

28. The life insurance made available under this policy constitutes an "employee

welfare benefit plan" under ERISA, 29 U.S.C. §1002(1).

29. As a consequence of his employment with United Airlines, the Decedent was enrolled in United's "Pilot Retirement Account Plan" (PRAP). This pension plan is administered by Schwab and bears an account number ending 5457. The date of death value of the plan was $224,996.86.

30. The PRAP defined benefit plan in which Decedent participated constitutes an "employee pension benefit plan" under ERISA, 29 U.S.C. §1002(2).

31. Plaintiff was designated a 100% beneficiary under this pension plan.

**THE SUBMISSION AND DENIAL OF CLAIMS**

32. Since the Decedent's untimely death, Plaintiff has sought, without success, to obtain the benefits he intended her to receive under the plans identified in the previous section of this Complaint.

33. Plaintiff alleges, on information and belief, that the individual Defendants have made, and are continuing to make, unsubstantiated allegations that Plaintiff subjected the Decedent to undue influence. These allegations are intended to interfere, and have in fact interfered, with the Plaintiff's receipt of benefits to which she is legally entitled.

34. In December 2019, Plaintiff submitted a claim to MetLife regarding the group life insurance under Group No. 0097877 and Policy No. ending 7747. The claim was assigned Claim No. 21911001676.

35. Defendants Mary-Margaret Savage, Bridgette Campion and Ashley Campion also made claim to benefits under this policy.

36. On February 21, 2020, MetLife wrote to the claimants and advised that their

"claims are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability."

37. MetLife further advised:

> The latest beneficiary designation form on file that was completed by Decedent dated August 27, 2019 naming Melissa Coad for 31.8%, Amanda Campion for 22.4%, Ashley Campion for 22.4%, Bridgette Campion tor 22.4% and Mary-Margaret Campion [sic] for 1%, which is the designation that Melissa, Amanda, Ashley and Bridgette rely upon to make a claim for these proceeds.
>
> Mary-Margaret Campion relies upon the Settlement Agreement with Christopher Campion that was incorporated in the Judgment of Absolute Divorce dated April lst, 2019, which states:
>
> > "Husband provides $650,000 death benefit until the first to occur of 1) Husband having age 65 or 2) Husband's retirement. If Wife wants additional coverage it will be at her cost. Husband will reasonably cooperate."
>
> Based on the language in the Settlement Agreement, it has been determined that Mary-Margaret is to receive a minimum amount of these proceeds of $650,000,00, However, the policy value for this claim is $790,000.00. As Mary-Margaret Campion was also a designated beneficiary, we cannot tell whether a court would find that since Mary-Margaret is entitled to receive more than 1% of the proceeds based on the terms of her divorce, whether she is also entitled to an additional portion of the remaining share of $140,000.00. If the court were to find that Mary-Margaret Campion was entitled to receive an additional 1% of the remaining $140,000.00, then she would be entitled to receive a total of $651,400.00 with Melissa Coed [sic] receiving $44,520.00 and Amanda, Bridgett and Ashley to receive $31,360.00 each. If a court were to decide that Mary-Margaret Campion is not entitled to proceeds in excess of what was stipulated in the Settlement Agreement, then her share of the remaining $1,400.00 would be split in equal shares ($350.00) to Melissa, Ashley, Amanda and Bridgette that would be in addition to their designated percentages.

38. The individual Defendants contend that Plaintiff is not entitled to any portion of this benefit.

39. As a result of the competing claims of the individual Defendants, no benefits have

been paid to Plaintiff under the MetLife plan.

40. On December 7, 2019, Plaintiff submitted a claim to Securian. Her claim was assigned Claim No. 1433013.

41. Defendants Mary-Margaret Savage, Bridgette Campion and Ashley Campion also made claims for benefits under this policy.

42. On December 20, 2019, Securian wrote to Plaintiff regarding her claim and reported the following:

> Mrs. Campion [sic] supplied our office with a Divorce Decree between herself and Christopher L. Campion. Per review of applicable law and the available divorce documents, it does appear that the ex spouse may have an interest in this benefit. We now have competing claims for the benefits under the above named policy. Please allow me to explain what additional information is needed. Since we have competing claims, we are asking that all parties communicate with one another in order to reach a mutually agreeable resolution to this matter. If an agreement is reached, please send the terms of the agreement to us, in writing, and our Law Department will draft a Settlement Agreement and Release for your review. If such an agreement is not possible, please notify us immediately.

43. As a result of the competing claims of the individual Defendants, no benefits have been paid to Plaintiff under the Securian plan.

44. On December 17, 2019, Plaintiff submitted a claim to Schwab regarding the United Pilot Retirement Plan. On January 14, 2020, the $224,996.86 in this plan was converted to cash and transferred into Plaintiff's name.

45. On January 23, 2020, Schwab froze this account based on a contest presented by Defendant Ashley Campion.

**DECLARATORY JUDGMENT**

46. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 45 of this Complaint.

47. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, which provides that in "a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

48. The individual Defendants dispute Plaintiff's entitlement to payment under the plans.

49. The corporate Defendants are unwilling and unable to make payment due to uncertainty created by the competing claims.

50. All persons who have or might claim to have any interest which would be affected by the declaration have been made parties for purposes of the declaratory relief sought.

51. Declaratory relief is appropriate because it will serve to terminate the controversy among the contending parties involving the several plans in which the Decedent participated.

WHEREFORE, Plaintiff asks that the Court grant her judgment as follows:

A. That this Court determine and adjudicate the rights of the parties with respect to the employee benefit plans in which the Decedent participated;

B. That this Court declare and determine that Plaintiff is entitled to be paid benefits as alleged in this Complaint;

C. That this Court award Plaintiff the costs of these proceedings; and

D. That this Court award Plaintiff such other and further relief as this Court may deem just and proper.

*/s/ Jeffrey E. Nusinov*
Jeffrey E. Nusinov, Fed. Bar No. 26701
JNUSINOV@NUSINOVSMITH.COM
Paul D. Raschke, Fed. Bar No. 03428
PRASCHKE@NUSINOVSMITH.COM
NUSINOV SMITH LLP
The Marbury Building
6225 Smith Avenue, Suite 200-B
Baltimore, Maryland 21209
(410) 554-3600
(410) 554-3636 (fax)

*Attorneys for Plaintiff Melissa B. Coad*